FILED IN OPEN COURT
ON 4-16-2026
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
JAA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:26-CR-21-M-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| JAMES OSBORNE | ) | |

The Grand Jury charges that:

**INTRODUCTION**

1. On or about November 5, 2024, November 4, 2025, and February 25, 2026, the defendant, JAMES OSBORNE ("OSBORNE"), was a convicted felon and registered sex offender, serving a term of federal supervised release for 15 years in the Eastern District of North Carolina from January 26, 2023 through January 25, 2038 for violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), Possession of Child Pornography, a Felony, entered as a judgment in a criminal case on April 8, 2021 in the United States District Court for the Eastern District of Virginia, Norfolk Division.

2. As a result of being a convicted felon and actively serving a term of federal supervised release, on or about November 5, 2024, November 4, 2025, and February 25, 2026, OSBORNE was ineligible to cast a ballot or register to vote under the laws of the State of North Carolina, under the North Carolina

Constitution, Article VI, Section 2(3), and North Carolina General Statutes § 13-1(4).

3. Despite being a convicted felon on federal supervised release for violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), Possession of Child Pornography, and therefore ineligible to register to vote or cast a ballot in North Carolina, OSBORNE registered to vote in federal elections and voted in federal elections, making false or fraudulent certifications or attestations in doing so, on dates that include November 5, 2024, November 4, 2025, and February 25, 2026, in violation of Title 52, United States Code, Section 20511(2)(A), and Title 52, United States Code, Section 20511(2)(B).

## OSBORNE'S CONVICTION FOR POSSESSION OF CHILD PORNOGRAPHY, STATEMENT OF FACTS, IMPRISONMENT, AND TERM OF SUPERVISED RELEASE

4. The preceding paragraphs of this Indictment are incorporated herein by reference as factual allegations.

5. On April 8, 2021, the United States District Court for the Eastern District of Virginia, Norfolk Division, entered a judgment of guilty against OSBORNE under Case Number 2:20-cr-00071-001, Document Number 36, filed on April 9, 2021, for violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), Possession of Child Pornography, a Felony. OSBORNE was sentenced to 36 months imprisonment in the United States Bureau of Prisons, and 15 years of supervised release following imprisonment, among other terms being imposed.

6. In support of OSBORNE's guilty plea in the Eastern District of Virginia, a document entitled "Statement of Facts" was executed by OSBORNE and his attorney, dated November 16, 2020, and filed with the Court on November 20, 2020. The "Statement of Facts" contained the following details:

> The United States and defendant, JAMES OSBORNE ("defendant"), agree and stipulate that the allegations set forth in Count Two of the Indictment and the following facts are true and correct, and that had the matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:
>
> 1. On or about April 25, 2020, in Virginia Beach, in the Eastern District of Virginia, defendant sent messages via the social media application "Grindr" to another individual, S.H., in which defendant and S.H. discussed meeting in S.H.'s hotel room located in the city of Virginia Beach. During those messages, defendant asked, in substance, if S.H. was "into kiddie porn." S.H. was concerned and decided to contact law enforcement if defendant displayed any child pornography during their meeting.
>
> 2. Shortly after defendant arrived at S.H.'s hotel room, defendant began watching a video of child pornography on defendant's LG cellular telephone while masturbating. Based on S.H.'s report, the Virginia Beach Police Department ("VBPD") was notified and subsequently responded to the scene. The VBPD lawfully seized defendant's LG cellular telephone and the SD card contained therein (collectively, "LG phone"), which were both manufactured outside the Commonwealth of Virginia.
>
> 3. Defendant subsequently consented to a search of his LG phone by the VBPD. During a preliminary review of the phone's contents, a VBPD officer

observed a video file of a male minor of approximately five to six years of age engaged in sexually explicit conduct with a nude adult male.

4. Based in part on the facts described above, the VBPD obtained a lawful search warrant authorizing the search and forensic examination of defendant's LG phone. Pursuant to the search warrant, a forensic examination was conducted on the phone, which revealed that the phone contained at least one hundred and eighty (180) visual depictions of minors engaging in sexually explicit conduct, including a video file labeled "1_4967580374512173138.mp4" approximately fifty-five (55) seconds in length depicting an adult male placing his erect penis in the mouth of a male infant child. Defendant knew that the aforementioned visual depiction was a video depicting an actual minor engaged in sexually explicit conduct. Defendant originally downloaded the aforementioned visual depiction from the Internet on or about April 17, 2020 and possessed said depiction on or about April 25, 2020. The Internet is an interconnected network of computers with which one communicates when online, and that network crosses state and national borders.

5. The VBPD's investigation and forensic examination accordingly showed that on or about April 25, 2020 in Virginia Beach, within the Eastern District of Virginia, defendant knowingly and unlawfully possessed the LG phone, which contained the aforementioned visual depiction that was transported using a means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, by any means including by computer, and the production of such visual depiction involved the use of a prepubescent minor engaged in sexually explicit

conduct, and such visual depiction was of such conduct.

This Statement of Facts includes those facts necessary to support the Plea Agreement between defendant and the United States. It does not include each and every facts known to defendant or to the United States, and it is not intended to be a full enumerations of all the facts surrounding defendant's case.

The actions of defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

7. Federal supervised release of OSBORNE was transferred from the United States District Court for the Eastern District of Virginia, Norfolk Division, to the United States District Court for the Eastern District of North Carolina, by way of an Order Transferring Jurisdiction dated December 12, 2023 and filed on December 18, 2023 under Case Number 7:23-cr-00134-M in the United States District Court for the Eastern District of North Carolina, Document Number 1. The Order Transferring Jurisdiction references OSBORNE's "Dates of Probation / Supervised Release" being from January 26, 2023 and continuing through January 25, 2038.

8. On October 1, 2024, the United States District Court for the Eastern District of North Carolina considered and entered an Order on "Petition for Action on Supervised Release" made by a Senior United States Probation Officer, Case Number 7:23-cr-00134-M, Document Number 3. Therein, reference is made to OSBORNE testing positive for illegal substances while on supervised release, which

was initially denied by OSBORNE, but eventually admitted to by OSBORNE. Reference is also made to OSBORNE signing a Waiver of Hearing and agreeing to a proposed modification of supervised release to include a curfew of 60 days with electronic monitoring.

9. On May 28, 2025, the United States District Court for the Eastern District of North Carolina considered and entered an Order on "Petition for Action on Supervised Release" made by a Senior United States Probation Officer, Case Number 7:23-cr-00134-M, Document Number 4. Therein, reference is made to violation reports related to OSBORNE while on supervised release, OSBORNE testing positive for certain illegal substances on April 17, 2025 while on supervised release, and OSBORNE denying the use of illegal substances despite testing positive for same. Reference is also made to OSBORNE signing a waiver of hearing and agreeing to a proposed modification of supervised release to include a curfew of 60 days with electronic monitoring.

10. OSBORNE has remained on federal supervised release in the United States District Court for Eastern District of North Carolina from January 26, 2023 and continuing through the present date.

11. Despite being on federal supervised release for violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), Possession of Child Pornography, OSBORNE registered to vote in federal elections and voted in federal elections, on dates that include November 5, 2024, November 4, 2025, and February 25, 2026.

## COUNT ONE

12. The preceding paragraphs of this Indictment are incorporated herein by reference as factual allegations.

13. On or about November 5, 2024, OSBORNE was ineligible to cast a ballot under the laws of the State of North Carolina, under the North Carolina Constitution, Article VI § 2(3), and N.C.G.S. § 13-1(4), because OSBORNE was serving a federal sentence of a term of supervised release beginning January 26, 2023 and continuing through January 25, 2038. OSBORNE had not received an unconditional discharge by the agency of the United States having jurisdiction over OSBORNE, and OSBORNE had not been conditionally or unconditionally pardoned.

14. On November 5, 2024, OSBORNE executed and submitted an "Authorization to Vote Form" in the County of Brunswick, in the Eastern District of North Carolina. Thereon, OSBORNE certified that "I have not been convicted of a felony, or if so, I have completed my sentence (including any probation, post-release supervision, or parole)." The certification made by OSBORNE was false or fraudulent in that OSBORNE was serving a federal sentence on November 5, 2024, with his term of supervised release beginning from January 26, 2023 and continuing through January 25, 2038. Following the false or fraudulent statement made by OSBORNE, a materially false or fraudulent ballot was cast by OSBORNE on November 5, 2024, in the November 5, 2024 federal presidential election.

OSBORNE, who is required to register as a sex offender pursuant to his special conditions of supervision for violation of U.S.C. § 2252(a)(4)(B) and (b)(2), Possession of Child Pornography, cast his false or fraudulent ballot at an elementary school voting site known as NB07, Belville Elementary School, 575 River Road, SE, Leland, North Carolina. As a result, OSBORNE knowingly and willfully deprived, defrauded, or attempted to deprive or defraud the residents of the State of North Carolina of a fair and impartially conducted election process by casting a ballot that was known by OSBORNE to be materially false, fictitious, or fraudulent under the laws of the State of North Carolina, in violation of 52 U.S.C. § 20511(2)(B).

**COUNT TWO**

15. The preceding paragraphs of this Indictment are incorporated herein by reference as factual allegations.

16. On or about November 4, 2025, OSBORNE was ineligible to submit a voter registration application under the laws of the State of North Carolina, under the North Carolina Constitution, Article VI § 2(3), and N.C.G.S. § 13-1(4), because OSBORNE was serving a federal sentence of a term of supervised release beginning January 26, 2023 and continuing through January 25, 2038. OSBORNE had not received an unconditional discharge by the agency of the United States having jurisdiction over OSBORNE, and OSBORNE had not been conditionally or

unconditionally pardoned.

17. On November 4, 2025, OSBORNE executed and submitted a "Provisional Voting Application – New Hanover County," which contained a "Voter Registration/Update Form," in New Hanover County, in the Eastern District of North Carolina. Thereon, OSBORNE attested under penalty of perjury that "I am not currently serving a felony sentence (including any probation, post-release supervision, or parole)." The attestation, made under penalty of perjury by OSBORNE, was false or fraudulent in that OSBORNE was serving a federal sentence on November 4, 2025, with his term of supervised release beginning from January 26, 2023 and continuing through January 25, 2038. The false or fraudulent voter registration application executed and submitted by OSBORNE registered OSBORNE to vote in the March 3, 2026 federal primary election in New Hanover County, in the Eastern District of North Carolina. As a result, OSBORNE knowingly and willfully deprived, defrauded, or attempted to deprive or defraud the residents of the State of North Carolina of a fair and impartially conducted election process by submitting a voter registration application that was known by OSBORNE to be false, fictitious, or fraudulent under the laws of the State of North Carolina, in violation of 52 U.S.C. § 20511(2)(A).

**COUNT THREE**

18. The preceding paragraphs of this Indictment are incorporated herein by reference as factual allegations.

19. On or about February 25, 2026, OSBORNE was ineligible to cast a ballot under the laws of the State of North Carolina, under the North Carolina Constitution, Article VI § 2(3), and N.C.G.S. § 13-1(4), because OSBORNE was serving a federal sentence of a term of supervised release beginning January 26, 2023 and continuing through January 25, 2038. OSBORNE had not received an unconditional discharge by the agency of the United States having jurisdiction over OSBORNE, and OSBORNE had not been conditionally or unconditionally pardoned.

20. On February 25, 2026, OSBORNE executed and submitted an "Early Voting Application" in the County of New Hanover, in the Eastern District of North Carolina. Thereon, OSBORNE certified that "I have not been convicted of a felony, or if so, I have completed my sentence (including any probation, post-release supervision, or parole)." The certification made by OSBORNE was false or fraudulent in that OSBORNE was serving a federal sentence on February 25, 2026, with his term of supervised release beginning from January 26, 2023 and continuing through January 25, 2038. Following the false or fraudulent statement made by OSBORNE, a materially false or fraudulent ballot was cast by OSBORNE on February 25, 2026 in the March 3, 2026 federal primary election. As a result, OSBORNE knowingly and willfully deprived, defrauded, or attempted to deprive or defraud the residents of the State of North Carolina of a fair and impartially conducted election process by casting a ballot that was known by OSBORNE to be

materially false, fictitious, or fraudulent under the laws of the State of North Carolina, in violation of 52 U.S.C. § 20511(2)(B).

A TRUE BILL

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Foreperson

Date: 4/14/26

W. ELLIS BOYLE
United States Attorney

BY: ______________________
MATTHEW R. PETRACCA
Special Assistant United States Attorney